**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4494**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ELDRICO ARMSTRONG,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:22-cr-00232-MOC-SCR-1)

_____

Submitted:  March 27, 2025                    Decided:  March 31, 2025

_____

Before THACKER and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eldrico Armstrong pled guilty, pursuant to a written plea agreement, to distribution of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him as a career offender to a total of 151 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether trial counsel was ineffective in advising Armstrong to plead guilty. Although informed of his right to do so, Armstrong has not filed a pro se supplemental brief, and the Government has elected not to file a brief. We affirm.

To demonstrate ineffective assistance of trial counsel, Armstrong "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," ineffective assistance claims are not generally addressed on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion", *id.* at 508, in order to permit sufficient development of the record, *see United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because ineffectiveness of counsel does not conclusively appear on the face of the record before us we decline to address this claim on direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district

2

court's judgment. This court requires that counsel inform Armstrong, in writing, of the right to petition the Supreme Court of the United States for further review. If Armstrong requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Armstrong. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*